SEELIG, Respondent, vs. CITY OF RIPON, Appellant.

*March 13—April 15, 1941.*

534

*George B. Belting* of Ripon, for the appellant.

For the respondent there was a brief by *Roy E. Reed* of· Ripon, and oral argument by *Ray B. Graves* of Wisconsin Rapids.

ROSENBERRY, C. J. *State ex rel. Owen v. McIntosh, supra,* relates to the issuance of a liquor license. In the opinion it is said (p. 598) :

"At· the time the question of the issue of the pretended license to the defendant was voted upon at the council meeting there were present, according to the record, four aldermen and the mayor. On the motion to grant the license to defendant two aldermen voted 'Yes,' two aldermen voted 'No,' and, the mayor voting 'Yes,' the motion was declared carried. Sub. (1), sec. 925—52, of the statutes provides that no such license shall be granted except by a majority vote of all the members of the council. By sec. 925—49 of the statutes it is declared that the mayor and aldermen shall constitute the common council, and that whenever a majority of the members of the common council is required to take any action the mayor shall not be counted in determining such majority, and that the mayor shall have no vote except in case of a tie. We hold that under these statutes and the record shown here the vote of the mayor could not be counted, and that lacking

his vote there was not a majority vote of all members of the council in favor of granting such license."

The opinion refers to the statutes of 1898 which governed. Sec. 62.11, Stats. 1939, provides:

"*Common council.* (1) *How constituted.* The mayor and aldermen shall be the common council. The mayor shall not be counted in computing a quorum, majority or other proportion under the requirements of law for the same, and shall not vote except in case of a tie."

By sec. 62.13 (1), Stats. 1939, it is provided that each city shall have a board of police and fire commissioners consisting of five citizens, etc.

Sec. 62.13 (2), Stats. 1939, provides:

"(2) Subsection (1) shall not apply to cities of less than four thousand population except by ordinance *adopted by a majority of all the members of the council.* A repealing ordinance may be adopted by a like vote."

The charter providing that the mayor shall not be counted in determining a majority or other proportion of the council, and sec. 62.13 (2), Stats. 1939, requiring that the repealing ordinance shall be adopted by a majority of all the members of the council, it seems futile to argue, as defendant does, that the mayor may cast a vote where the council is equally divided. If an ordinance is adopted by a majority of all the members of the council there can never be a tie vote. It is contradiction in terms to say that under such a provision a tie can ever exist. Consequently, the mayor can never cast a vote under such a requirement. The trial court correctly so held.

While the language of the section has undergone some change in the course of years, the provisions of sec. 62.11 (1), Stats. 1939, are substantially the same as those of sec. 925—49, Stats. 1898, under which the case of *State ex rel. Owen v. McIntosh, supra,* was decided.

The repealing ordinance not having been properly adopted was ineffective for any purpose. The board as it stood at the time of the attempted adoption continued in office. Our conclusion upon this branch of the case makes it unnecessary for us to decide which was the last census, a question which under the facts of this case is a troublesome one, and one not likely to arise in another case.

*By the Court.*—Judgment affirmed.